UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXLINEAR, INC., <br>                        Plaintiff, <br> vs. <br> SILICON LABORATORIES, INC., <br>                       Defendant. | CASE NO. 12cv1161-H (MDD) <br><br> PROTECTIVE ORDER |

     The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

     The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE:

## **DEFINITIONS**

1.  The term "Confidential Information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, transcripts of trial testimony, depositions, and expert reports, including data, summaries, and compilations derived therefrom that is deemed to be Confidential Information by any party to which it belongs.

2.  The term "materials" will include, but is not be limited to: documents; correspondence; memoranda; bulletins; blueprints; circuit diagrams; source code; object code; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects. The term "materials" includes both physical and electronically stored materials.

3.  The term "counsel" will mean outside counsel currently of record, and paralegals, secretaries, and other support staff employed in and messenger, copy, coding, and other clerical-services vendors retained by the counsel's firm.  The Parties may retain additional or substitute counsel which will be considered "counsel" under this Order after disclosing new counsel to the other party and providing an opportunity to object to new counsel on the basis of conflicts of interest. Outside counsel of record may retain contract lawyers, or engage additional attorneys in their firm, to assist with document review or other legal tasks but only if the additional lawyers sign Exhibit A to this Stipulated Protective Order. At no time shall any contract lawyers be permitted access

to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information other than on the premises of an office of approved outside counsel of record or in a secure area which is not accessible by anyone who is not authorized to have access to Confidential Information under this Order. Exhibit A forms signed by additional or contract lawyers need not be served but shall be retained through final termination of this action.

## **GENERAL RULES**

4.  Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, expert reports, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

    A.  Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

    B.  Designation as "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY": Any party may designate information as "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial or other commercial information.

    C.  Designation as "HIGHLY CONFIDENTIAL – SOURCE CODE": Any party may designate information as "HIGHLY CONFIDENTIAL – SOURCE CODE" only if, in the good faith belief of such party and its counsel, it comprises or

includes confidential, proprietary or trade secret source code, including RTL code, or is the summary or output of a hardware design language visualization tool.

5. In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced will be considered as "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain Confidential Information with the appropriate confidentiality marking.

6. Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

A. the deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY."

B. the disclosing party will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed to by the parties or otherwise qualified to receive Confidential Information under this Order; and

C. the originals of the deposition transcripts and all copies of the deposition

must bear the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

7.      All Confidential Information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" must not be disclosed by the receiving party to anyone other than those persons designated within this order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.  Furthermore, any individual who receives "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information may not engage in Strategic Patent Prosecution Activities in the fields to which the disclosed information pertains on behalf of the receiving party for a period of one year after they last had access to "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information under this Order.  "Strategic Prosecution Activities" includes: counseling the receiving party regarding future claim drafting and amendments, counseling regarding selection of and drafting of applications for filing, or other activities that involve competitive decision making regarding patent prosecution.

8.      Information designated "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, and by independent experts under the conditions set forth in this Paragraph. The right of any independent expert to receive any Confidential Information will be subject to the advance approval of such expert by the producing party or by permission of the Court. The party seeking approval of an

independent expert must provide the producing party with the name and curriculum vitae of the proposed independent expert, and an executed copy of the form attached hereto as Exhibit A, in advance of providing any Confidential Information of the producing party to the expert. Any objection by the producing party to an independent expert receiving Confidential Information must be made in writing within fourteen (14) days following receipt of the identification of the proposed expert. Confidential Information may be disclosed to an independent expert if the fourteen (14) day period has passed and no objection has been made. The approval of independent experts must not be unreasonably withheld.

9.     Information designated "CONFIDENTIAL" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, by independent experts (pursuant to the terms of paragraph 8), and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

   a) Executives who are required to participate in policy decisions with reference to this action;

   b) Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action; and

   c) Stenographic and clerical employees associated with the individuals identified above.

10.    With respect to material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same.

11. All information which has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

12. Source Code:

    a. All information which has been designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY" information, and maybe disclosed to the individuals to whom "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY" information may be disclosed.

    b. Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the producing party's counsel or another mutually agreed upon location. The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the receiving party shall not copy, photograph, transcribe, remove, or otherwise transfer any portion of the source code onto a recordable media or recordable device. The receiving party representatives will log their name(s), date, and time of inspection. The computer shall be equipped with the same visualization and analysis tools that the producing party normally uses in conjunction with its development of hardware description code and other produced source code. Disclosed and qualified experts may take handwritten notes which they

        may retain, in perfect bound, numbered engineering handbooks which the producing party will provide. Any such notes will be "HIGHLY CONFIDENTIAL – SOURCE CODE" information. The producing party may visually monitor the activities of the receiving party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

c. Upon inspection, the receiving party may request that TIFF images of portions of source code be produced. The TIFF images will be Bates labeled pursuant to the party's Electronic Discovery Order, designated "HIGHLY CONFIDENTIAL – SOURCE CODE," and produced to the receiving party within 5 days of the request.

13. Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal.

14. No document shall be filed under seal unless counsel secures a court order allowing the filing of a document, or portion thereof, under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If opposing counsel, or the person or entity who has custody and control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application to notify the Court that an opposition to the application will be filed.

15. At any stage of these proceedings, any party may object to a

designation of the materials as Confidential Information. The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The materials at issue must be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

16. All Confidential Information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party and each person receiving Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

17. No party will be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

18. If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is

deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" – SUBJECT TO PROTECTIVE ORDER.

19. Nothing within this order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

20. The parties are expected to produce substantial quantities of documents and items in this case, which may result in an inadvertent disclosure of information, documents, or items subject to claims of protection under the attorney-client privilege, work product doctrine, or other doctrines or privileges of nondisclosure ("assertedly privileged material"). Within 60 days after the disclosing party actually learns of an inadvertent disclosure, the disclosing party may notify in writing the receiving party that said production was inadvertent and demand the return of the assertedly privileged material. On such timely demand, the receiving party shall retrieve and return all copies of such information, documents, and/or things to the disclosing party within 5 business days of receipt of such notice and shall not further disclose or use the information contained in such items for any purpose until order of the Court. If the

producing party demands the return of the assertedly privileged material within this 60-day grace period, the disclosure of the assertedly privileged material shall be deemed inadvertent and, consistent with Federal Rule of Evidence 502, privilege or protection is not waived by that inadvertent disclosure. After the 60-day grace period, any demand for return of inadvertently produced assertedly privileged material shall be governed by the procedures and standards of Rule 502 and the applicable case law.

21.   Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information, provided that the contents of the information must not be disclosed.

22.   This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

23.   Nothing within this order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

24.   Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such

information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

25.   The restrictions and obligations set forth within this order will not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

26.   The restrictions and obligations within this order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person[1] already has or obtains legitimate possession of that information.

27.   Transmission by email with copies to all counsel of record is acceptable for all notification purposes within this order.

---

[1] For a person that is designated as a party's corporate representative pursuant to Fed. R. Civ. P. 30(b)(6), that person is deemed to already have possession of all information produced by the represented party so long as the information at issue pertains to a matter on which the person has been designated to testify.

28. This Order may be modified by agreement of the parties, subject to approval by the Court.

29. The Court may modify the protective order in the interests of justice or for public policy reasons on its own initiative. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

IT IS SO ORDERED

DATED: August 14, 2012

*Mitchell D. Dembin*
Hon. Mitchell D. Dembin
U.S. Magistrate Judge