# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXLINEAR, INC., <br><br> Plaintiff, <br> v. <br><br> SILICON LABORATORIES, INC., <br><br> Defendant. | CASE NO. 12cv1161-H (MDD) <br><br> ORDER RE: JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE RE: THIRD PARTY DISCOVERY SUBPOENAS <br><br> [ECF NO. 183] |

## BACKGROUND

Before the Court is a dispute between Plaintiff in this patent case, Maxlinear, Inc., ("Maxlinear") and Defendant Silicon Labs, Inc. (Silicon Labs). In a related patent case before this Court, to which this dispute also applies, Maxlinear is the defendant and Silicon Labs is the plaintiff. (Case No. 12cv1765). The dispute regards subpoenas issued to the law firm of McAndrews Held & Mallory, Ltd., and two of its attorneys, Wayne Bradley and Chad Gilles. The McAndrews firm represents Maxlinear in this litigation as co-counsel and in certain patent prosecution matters. The subpoenas were issued in the Northern District of Illinois as required by Fed.R.Civ.P. 45. By agreement of the parties and with the consent of the assigned District Judge in Chicago,

this Court accepted jurisdiction over the dispute. The joint motion was filed on July 30, 2013. (ECF No. 183).

The third party discovery sought by Silicon Labs seeks information regarding compliance by Maxlinear and its attorneys with the Protective Order issued in this case. (ECF No. 29). Of significance here, paragraph 7 of the Protective Order provides, in part:

> Furthermore, any individual who receives "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY" or "HIGHLY CONFIDENTIAL - SOURCE CODE" information may not engage in Strategic Patent Prosecution Activities in the fields to which the disclosed information pertains on behalf of the receiving party for a period of one year after they last had access [to such information] under this Order. "Strategic Patent Prosecution Activities" includes: counseling the receiving party regarding future claim drafting and amendments, counseling regarding selection of and drafting of applications for filing, or other activities that involve competitive decision making regarding patent prosecution.

This provision does not disqualify law firms from representing their client, whether it is Maxlinear or Silicon Labs, in litigation and patent prosecution simultaneously - it does, however, prohibit individual attorneys from participating in patent prosecution after receiving information designated as highly confidential produced in this litigation.

## DISCUSSION

Fed.R.Civ.P. 26(b)(1) allows parties to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense . . . ." The Rule also provides that

> [f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

A threshold question, raised by Maxlinear, is whether any discovery is contemplated and authorized under Rule 26 regarding a potential violation of the Court's Protective Order. The party's submissions do not identify any case on point, relying instead on general discovery cases. Consequently, the issue regarding discovery boils down to relevance.

The Court finds that the information sought is not relevant to any claim or defense in either of the subject cases. Even if good cause was demonstrated opening up discovery to the subject matter of the litigation, the information would not be relevant. The discovery requested does not inform any claim or defense and is likely inadmissible at trial. Nor does it appear that the information sought is reasonably calculated to lead to the discovery of admissible evidence. Failing the threshold inquiry of relevance, the motion to quash the subpoenas must be granted.

That does not end the inquiry. The Court must consider whether the allegations of Silicon Labs provide a sufficient basis for the Court to issue an order to show cause why Maxlinear and its counsel should not be held in contempt or otherwise sanctioned for violating the Court's Protective Order. If a sufficient basis is presented, the Court would not authorize discovery but the Court could require Maxlinear and its attorneys to present evidence of their compliance with the Protective Order. Consequently, the Court must consider the sufficiency of the allegations by Silicon Labs.

Silicon Labs asserts that on several occasions following the production of highly confidential material, attorney Bradley filed amendments to certain patents alleged to be related to the patents-in-issue in this litigation. Mr. Bradley was not litigation counsel. Silicon Labs suggests that the timing of the amendments raises concerns that

information was disseminated from the litigation attorneys at the McAndrews firm to the patent attorneys. Mr. Bradley later joined the litigation team and ceased his activities on the patent side. He was replaced, according to Silicon Labs, with a first-year associate, Mr. Gilles who, Silicon Labs asserts, may have been supervised in his patent activities by Mr. Bradley.

Maxlinear asserts that its attorneys all strictly complied with the terms of the Protective Order. Mr. Gilles, despite his recent entrance to the bar, was a registered patent agent for years prior to his admission and was not supervised by Mr. Bradley. Silicon Labs has not identified any particular detail of the highly confidential material disclosed that supports its claims of leakage. Nor has any evidence been produced that Mr. Bradley continued to assist on the patent side after moving to litigation. There is nothing in the record demonstrating Mr. Gilles' lack of competence or that Mr. Bradley crossed the bright line of the Protective Order.

The Court finds an insufficient basis to issue an order to show cause.

## CONCLUSION

Maxlinear's motion to quash, presented in this joint motion, is **GRANTED**. Further, construing the joint motion also to contain a motion by Silicon Labs for an order to show cause, that motion is **DENIED.** The Court declines to assess costs.

IT IS SO ORDERED.

DATED: August 2, 2013

Hon. Mitchell D. Dembin
U.S. Magistrate Judge